UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-10450

_____


HENRY CURTIS UNDERWOOD, JR.

Petitioner-Appellee,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Texas
4:98-CV-402-Y
_____
April 12, 2000

Before REYNALDO G. GARZA, HIGGINBOTHAM, and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

In 1993, the petitioner, Henry Curtis Underwood, Jr., pleaded
guilty to burglary of a building in Texas state court. The trial
court deferred adjudication of his guilt and placed Underwood on
probation for a period of ten years. Had Underwood successfully
completed his probationary term, he would have been entitled to

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissal of the burglary charge.

Prior to the expiration of Underwood's probationary term, the State moved to have the trial court enter an adjudication of Underwood's guilt, alleging violations of the conditions of his probation. Pursuant to a plea agreement, Underwood admitted to violating the terms of his probation. The plea agreement also indicated that Underwood would receive a sentence of 8 years and that the 8-year state sentence would run concurrent to a 63-month federal sentence. While confined in the Texas prison system, Underwood discovered that, contrary to the plea agreement, his state and federal sentences were not running concurrently.

Underwood filed an application for state habeas relief, which was denied. Subsequently, he filed a petition for writ of habeas corpus in federal court. After concluding that Underwood's petition was not time-barred, the district court found that his 1996 plea was involuntary. The district court therefore granted relief "unless the state trial court grants petitioner a new hearing on the state's motion to proceed to adjudication within ninety days or an otherwise reasonable period of time." The respondent filed a motion to stay judgment pending appeal, which the district court granted.

Upon a careful review of the record and the briefs, we AFFIRM the district court's Order and Final Judgment entered March 31, 1999, granting Underwood's petition for writ of habeas corpus, for essentially the reasons set forth by the magistrate judge and

2

relied upon by the district court.[2]

Accordingly, the judgment of the district court is AFFIRMED.

AFFIRMED.

---

[2] The district court also granted habeas relief based on ineffective assistance of counsel. Because our affirmance of the district court's judgment is based on the involuntary nature of Underwood's plea, we express no opinion with respect to the merits of the ineffective assistance of counsel claim.